lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.**   **05-3407- JAR** |
| | ) | **04-40062-01-JAR** |
| **McCALLISTER EDWARD BRYCE,** | ) | |
| **Defendant/Petitioner.** | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner McCallister E. Bryce's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 96).  In his motion, petitioner seeks relief on the following grounds: (1) his guilty plea was neither intelligent nor voluntary; (2) the convictions were obtained by a coerced confession; (3) the evidence against him was obtained pursuant to an unconstitutional search and seizure; (4) the prosecution failed to disclose evidence favorable to him; (5) the grand jury was unconstitutionally selected and impaneled; and (6) the denial of effective assistance of counsel.  The government has filed a Response to Defendant's § 2255 Motion and a Motion for Enforcement of the Plea Agreement (Doc. 107). Petitioner has also filed a Motion to Appoint Counsel (Doc. 114).   For the following reasons, the Court enforces the plea agreement and denies petitioner's motions.

## I.    Procedural Background

On June 6, 2005, petitioner pled guilty to Counts 1, 3 and 5 of the Indictment.[1]   Count 1

---

[1](Doc. 70.)

charged conspiracy to possess with intent to distribute 50 grams or more of a methamphetamine

mixture; Count 3 charged possession of a firearm in furtherance of a drug trafficking crime; and

Count 5 charged criminal forfeiture.

      Petitioner was represented by Arthur Greenspan and Kathleen Ambrosio served as local

counsel.  Petitioner signed a plea agreement stating he understood he faced a mandatory

minimum sentence of ten years for Count 1 and a mandatory minimum sentence of five years for

Count 3.[2]  In return for petitioner's plea, the government agreed: to recommend he receive a two-

level reduction for acceptance of responsibility; to not oppose application of the "safety valve"

provisions of the Guidelines; to not oppose a sentence at the lower end of the applicable

Guidelines range; to not oppose a two-level reduction for role in the offense; and, if appropriate,

to file a motion pursuant to U.S.S.G. § 5K1.1 to reduce sentence for substantial assistance, if

any, contingent upon petitioner's continuing cooperation.[3]  The plea agreement further stated

that petitioner understood "that the sentence to be imposed will be determined solely by the

United States District Judge.  The United States cannot and has not made any promise or

representation as to what sentence the defendant will receive."[4]  The plea agreement included a

waiver of appeal and collateral attack, which stated that petitioner

> knowingly and voluntarily waives any right to appeal or
> collaterally attack any matter in connection with this prosecution,
> conviction and sentence.  The defendant is aware that Title 18,
> U.S.C. § 3742 affords a defendant the right to appeal the
> conviction and sentence imposed.  By entering into this agreement
> the defendant knowingly waives any right to appeal a sentence

---

[2](*Id.* at 2.)

[3](*Id.* at 7-8.)

[4](*Id.* at 11.)

2

imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under 18 U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upward from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a). [5]

Attached to the plea agreement is a Petition to Enter Plea, signed by the petitioner, which attested that the plea is made freely and voluntarily and that petitioner understands the maximum sentence that may be imposed based on his plea.

At the plea hearing, petitioner stated on the record that he was satisfied with the advice, counsel and representation given by Mr. Greenspan in this case and that counsel had gone over the options with him regarding whether he should enter a plea or go to trial and the potential sentencing consequences.[6]  Petitioner stated that he did not receive any "promises or assurances" that would have induced him into signing the plea agreement, other than what was contained in the agreement itself.[7]  He assured the Court that the decision to plead guilty was made voluntarily of his own free will.[8]  Petitioner told the Court that he understood that it was not

---

[5](*Id*. at 12-13.)

[6](Doc. 105 at 4-5.)

[7](*Id*. at 8-9.)

[8](*Id*. at 9.)

3

bound by any recommendations the government made in the plea agreement.[9]  The Court explained that it was the government's decision whether petitioner had provided substantial assistance such that the government would file a motion for reduction of sentence, and petitioner responded that he understood.[10]  The Court further explained that neither it, defense counsel, nor the government could say with any certainty that petitioner would qualify for the safety valve guideline, and petitioner responded that he understood.[11]  The Court informed petitioner that he faced a mandatory minimum sentence of ten years on Count 1, with two possible exceptions: the safety valve provision and the government's motion for downward departure, neither of which were assured.[12]  When the Court asked petitioner if he understood that unless either or both exceptions applied, he could expect to serve at least ten years, he responded yes.[13]  In addition, the Court twice explained to petitioner that for sentencing purposes, the Court may consider drug quantities in addition to the amount in the count pleaded to as relevant conduct if it finds that the information about other drug quantities is reliable and accurate.[14]  Petitioner twice stated on the record that he understood.[15]  Petitioner also stated on the record that he understood that the plea agreement included a waiver of appeal and collateral attack on the sentence unless the Court

---

[9](*Id*. at 9-11.)

[10](*Id*. at 12.)

[11](*Id*. at 14-17.)

[12](*Id*.)

[13](*Id*.)

[14](*Id*. at 17-19.)

[15](*Id*.)

departs upward from the Guidelines sentencing range.[16]

On August 16, 2005, having violated the conditions of pretrial release, the Court revoked petitioner's bond and remanded him to the custody of the United States Marshal pending sentencing (Doc. 79).

Petitioner's sentencing hearing was held on October 3, 2005.  Mr. Greenspan could not attend, and petitioner agreed on the record that Ms. Ambrosio, who was local counsel, would proceed as counsel at the sentencing hearing.[17]  No objections to the presentence report or sentencing memorandum were filed prior to the hearing.[18]  The safety valve provision was not applicable because of the firearm charge and the government did not file a § 5K1.1 motion for downward departure.[19]  After hearing statements from Ms. Ambrosio and the government, the Court denied petitioner's request for a two-level reduction for acceptance of responsibility, based on his bond revocation, but granted a two-level reduction for role in the offense for a minor participant.[20]  The Court sentenced petitioner to 120 months' imprisonment on Count 1 and 60 months' imprisonment on Count 3, to be served consecutively.[21]

Petitioner filed a direct appeal to the Tenth Circuit.  While petitioner's appeal was pending, he filed the instant motion.  The Tenth Circuit granted the government's motion to

---

[16](*Id*. at 18.)

[17](Doc. 103 at 2-3.)

[18](*Id*. at 3-4.)

[19](*Id*. at 5.)

[20](*Id*. at 14-16.)

[21](*Id*. at 15-17.) The Court noted that by granting the two-level reduction for role in the offense, the base offense level is capped at level 30; with the two-level reduction, the adjusted offense level would be 28, with a range of 78-97 months, with a required mandatory minimum sentence of 120 months.  *Id*. at 22.

enforce the plea agreement and dismissed the appeal on February 6, 2006.[22]

## II.     Analysis

The Court will first address whether petitioner waived the right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering his plea of guilty.  The Court will then address petitioner's other grounds for relief.  Under § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[23]  The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on the grounds asserted in his motion.

### A.     Waiver of the Right to Collaterally Attack Sentence

In this case, petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.  The Court will hold a defendant and the government to the terms of a lawful plea agreement.[24]  Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[25] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his (or her) rights;

---

[22](Doc. 115.)

[23]*United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

[24]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[25]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

6

and (3) whether enforcing the waiver would result in a miscarriage of justice.[26]

### 1. *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[27]  The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea."[28]  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[29]  As described above, petitioner's plea agreement contained a provision waiving his right to appeal and collaterally attack his sentence.  The scope of this waiver unambiguously includes the right to collaterally attack, by way of a § 2255 motion, any matter in connection with his prosecution, conviction, and sentence.

The Court finds that petitioner has not waived the right to bring four of the claims set forth in his § 2255 motion because they relate to the validity of petitioner's plea.  Thus, the Court will address below: (1) petitioner's claim that he was unlawfully induced into entering a plea of guilty because the government coerced him into making statements on the premise that it would file a § 5K1 motion; (2) that the government failed to turn over exculpatory evidence; and (3) his claims for ineffective assistance of counsel based on counsel's alleged failure to inform him of the full nature and consequences of the charges against him and due to counsel's advice that the plea agreement was in petitioner's best interest.  However, the remaining claims that petitioner

---

[26]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

[27]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[28]*Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

[29]*Hahn*, 359 F.3d at 1343.

raises in his motion fall within the scope of the waiver.

### 2. *Knowing and Voluntary Waiver*

Petitioner's waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[30]  When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[31]  Here, the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily.  At the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver.  Petitioner stated on the record that he understood that the plea agreement included this waiver.  Petitioner also stated on the record that his decision to plead guilty was made voluntarily of his own free will.  Further, he stated that he did not receive any promises or assurances that would have induced him into signing the agreement, other than what was contained in the agreement itself.  Petitioner is "bound by his solemn declarations in open court" that contradict the statements in his motion that he was coerced into accepting the plea agreement.[32]  Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver was given knowingly and voluntarily.

---

[30]*Cockerham*, 237 F.3d at 1183.

[31]*Hahn*, 359 F.3d at 1325.

[32]*Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[33]  This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[34]  The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.[35]  In this case, petitioner's sentence was not unlawful, and the sentence did not exceed the statutory maximum sentence under the Guidelines range.  Petitioner's only plausible argument is that he received ineffective assistance of counsel, as discussed below.

### B.       Ineffective Assistance of Counsel

Petitioner raises his ineffective assistance of counsel claims based on factors relating to his plea agreement.  The exception cited in the plea agreement may provide relief from the waiver.[36]  A plea agreement waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver."[37]  In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of

---

[33]*Hahn*, 359 F.3d at 1327.

[34]*Id.*

[35]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[36]*See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[37]*Id.*

the plea.[38]  Petitioner contends that he received ineffective assistance of counsel in that: (1) counsel did not fully explain the nature and consequences of the plea or enforce the constitutional issues for petitioner's case; and (2) counsel's advice that the plea agreement was in his best interest, and that an apparent conflict of interest occurred during petitioner's representation.

### *Legal Standard*

In order to succeed on a claim of ineffective assistance of counsel, defendant must meet the two-prong test set forth in *Strickland v. Washington*.[39]  Under that test, defendant must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[40]   The Court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[41] Second, defendant must show that counsel's deficient performance actually prejudiced his defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[42]

### *Plea Agreement*

Petitioner has no basis to claim ineffective assistance of counsel.  With respect to his first

---

[38]*Id.*

[39]466 U.S. 668 (1984).

[40]*Id.* at 688.

[41]*Id*. at 690.

[42]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

allegation, his plea agreement states "[m]y lawyer has counseled and advised me . . . on all possible defenses that I might have in this case."[43]  Furthermore, these claims are contrary to petitioner's statement in his plea agreement and plea hearing transcript, where he stated his satisfaction with counsel's advice and help and stated that he had gone over the charges against him and the possible sentencing consequences with his attorney.  The government also summarized the key terms of the plea agreement, including the factual basis for the plea the possible penalties.  Finally, petitioner was told by the Court that he was pleading to crimes with mandatory minimum sentences of ten and five years, respectively, and he stated that he understood.[44]  Petitioner fails to identify which constitutional issues counsel failed to enforce.

As to petitioner's second allegation, his claims are too vague to provide relief.  Petitioner does not explain why the plea was not in his best interest nor does he state any specific grounds for a potential conflict of interest.  While petitioner ultimately did not receive the benefit of a § 5K1 motion or safety valve reduction, neither of these departures was guaranteed.  Moreover, it is established that a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[45]

The record shows that petitioner entered into the plea agreement with all appropriate information regarding his sentencing.  The Court made it clear to petitioner during the plea colloquy that he faced mandatory minimum sentences on two counts and that there was no

---

[43](Doc. 70 at 2.)

[44]*(Id.* at 5); (Doc. 105 at 5.)

[45]*United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993).

11

guaranty that he would receive any applicable reduction.  Petitioner has not shown that "but for the counsel's ineffectiveness" he would have pleaded not guilty.

The Court finds that petitioner's allegations of ineffective assistance of counsel are not of the detailed and specific nature required in order to carry his burden of proof.  Conclusory allegations of ineffective performance are inadequate to support a claim that petitioner was denied adequate counsel.[46]  The Court finds that petitioner as failed to establish prejudice or that his counsel's performance "fell below an objective standard of reasonableness."[47]  Because there is no basis for petitioner's claims of ineffective assistance of counsel, his § 2255 motion is barred by the waiver.[48]

### C.     Unlawful Coercion

Petitioner claims that he was "unlawfully induced" into entering a guilty plea based on the government's improper coercion of statements on the premise that it would provide petitioner with a section 5K1.1 departure for substantial assistance.  However, petitioner stated at the plea hearing that he understood that it was the government's decision whether petitioner had provided substantial assistance such that the government would file a motion for reduction of sentence. Thus, the Court finds no legal basis for petitioner's claim of coercion and the Court denies habeas relief on this ground.

### D.     Exculpatory Evidence

Petitioner claims that "[i]t is evident that the prosecution failed to properly disclose the

---

[46]*See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).

[47]*Strickland*, 466 U.S. at 687-88.

[48]*See Cockerham*, 237 F.3d at 1187 (requiring that there be a basis for an ineffective assistance claim before it can survive a waiver).

fact that there was no factual evidence of drugs, money laundering, conspiracy, or any other criminal activity in which to properly prosecute the defendant." Petitioner's claim that the government failed to turn over exculpatory evidence, when liberally construed, also falls outside the scope of the waiver because the weight of the government's evidence against petitioner would have affected his decision to enter the guilty plea. However, petitioner is not entitled to habeas relief under this claim because he provides no factual or legal basis in support of this claim that the government had no evidence of the charges against him. In fact, the government offered evidence regarding the charges against petitioner at the hearing on petitioner's motion to suppress.[49] In addition, a lengthy factual basis for the guilty plea is set forth in the plea agreement and as part of that agreement, petitioner stipulated that those facts would show each of the essential elements of Counts 1, 3 and 5 beyond a reasonable doubt.[50] Thus, the Court denies petitioner's habeas claim on this ground as well.

## III.    Motion to Appoint Counsel

Petitioner's motion for appointment of counsel is also denied. Petitioner requests appointment of counsel because he is incarcerated and no longer able to afford private counsel. Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[51] While Rule 8(c) of the Rules governing section 2255 proceedings permits appointment of counsel "if the interest of justice so requires," the Rule only requires

---

[49](Doc. 51.)

[50](Doc. 70 at 3-5.)

[51]*Pa. v. Finley*, 481 U.S. 551, 555 (1987).

13

appointment of counsel if an evidentiary hearing on the motion is required. [52]  Because an evidentiary hearing is not required in this case, the Court finds that the interest of justice does not require appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 96) is DENIED;

**IT IS FURTHER ORDERED** that the government's Motion to Enforce Plea Agreement (Doc. 107) is GRANTED;

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 114) is DENIED.

IT IS SO ORDERED.

Dated this 14th day of February 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[52]Rule 8(c) of the Rules Governing Section 2255 Proceedings.